# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| **IMAGE ENTERTAINMENT, INC.,** | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| Vs. | * | NO. _____ |
| | * | |
| **ARVATO DIGITAL SERVICES, LLC,** | * | **JURY DEMANDED** |
| **ARVATO SYSTEMS NORTH** | * | |
| **AMERICA, INC,** | * | |
| **UNITED INVENTORY SERVICE, INC.** | * | |
| **d/b/a UIS POLYMERS, WOOD SALES,** | * | |
| **INC., WINGFIELD & NAIL** | * | |
| **ENTERPRISES, INC.,** | * | |
| **and DOES 1-10,** | * | |
| | * | |
| Defendants. | * | |

**COMPLAINT FOR (1) COPYRIGHT INFRINGEMENT; (2) CONTRIBUTORY COPYRIGHT INFRINGEMENT; (3) BREACH OF CONTRACT; (4) FRAUDULENT MISREPRESENTATION; (5) NEGLIGENT MISREPRESENTATION; (6) CONVERSION; (7) VIOLATION OF TENNESSEE CONSUMER PROTECTION ACT and (8) NEGLIGENCE**

Comes Now the Plaintiff, Image Entertainment, Inc. ("Plaintiff" or "Image"), by and through its undersigned counsel of record, and for its cause of action would show and state as follows:

## THE PARTIES

1.     Image is a Delaware corporation with its principal place of business in Los Angeles County, California.

2.     On information and belief:

    a.     Defendant Arvato Digital Services, LLC ("Arvato") is a Delaware corporation with its principal place of business in Weaverville, North

Carolina and is a wholly owned subsidiary company of Bertelsmann, a German corporation.

b.    Arvato Digital Services, LLC can be served with process through its registered agent National Corporate Research, Ltd, 176 Mine Lake Court, Suite 100, Raleigh, North Carolina 27615.

c.    On information and belief, Defendant Arvato Systems North America, Inc. ("Arvato") is a successor, parent or affiliate of Arvato Digital Services, LLC and is obligated on any liabilities of Arvato Digital Services, LLC as a principal and/or successor in interest

d.    Defendant Arvato Systems North America, Inc. is a Delaware corporation with its principal place of business in New York, New York.

e.    Defendant Arvato Systems North America, Inc. can be served with process through its registered agent National Corporate Research, Ltd, 176 Mine Lake Court, Suite 100, Raleigh, North Carolina 27615.

f.    Defendant United Inventory Service, Inc. d/b/a UIS Polymers ("UIS") is a Tennessee corporation with its principal place of business located in Bells, Tennessee.

g.    UIS can be served with process through its registered agent David Acor, 1441 South Church, Halls, Tennessee 38040.

h.    Wood Sales, Inc. ("Wood") is a Mississippi corporation with its principal place of business in Golden, Mississippi.

- 2 -

i.       Wood can be served with process through its registered agent Duncan Lott, 100 South Main Street, PO Box 382, Booneville, Mississippi 38829.

j.       Wingfield & Nail Enterprises, Inc. ("Wingfield") is a Texas corporation with its principal place of business in Denison, Texas.

k.       Wingfield can be served with process through its registered agent R. Wingfield, 2417 S. Austin, Denison, Texas 75020.

3.      Plaintiff is presently unaware of the true names and/or the involvement of the defendants sued herein by the fictitious designations Does 1-10, and for that reason sues them by those designations.  Plaintiff will seek leave of Court to amend this pleading to identify those defendants when their true names and involvement in the infringements and other tortious conduct hereinafter described are known.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), insofar as it arises under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq*.  This Court has supplemental jurisdiction of plaintiff's State law claims under 28 U.S.C. § 1367(a), insofar as they are so related to plaintiff's other claims that they form part of the same case or controversy. Alternatively, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

5.      Venue is proper in this District under 28 U.S.C. §1391(b) insofar as at least one defendant resides in this District or, alternatively, under 28 U.S.C. § 1391(b) insofar as a substantial part of the events or omissions giving rise to the claims occurred in this District, or, alternatively, under 28 U.S.C. §§ 1391 (b) or 1400, insofar as at least one defendant may be found here.

## BACKGROUND FACTS

6.      Plaintiff, Image Entertainment Inc., is known as one of the leading home entertainment acquisition and distribution companies in the nation and is the exclusive distributor for many well known films and television series.

7.      Plaintiff acquires exclusive licenses and distribution rights from third party copyright holders to market, replicate, distribute and otherwise exploit the copyright to a variety of entertainment properties ("Image Programs").  One element of Image's business is the distribution of DVD's of the Image Programs.

8.      On information and belief, Defendant Arvato is an international outsourcing service provider that, among other things, is in the business of replicating and producing entertainment materials for companies in order for them to fulfill certain distribution needs.

9.      On information and belief, Arvato replicates more than 600 million CDs and DVDs per year.

10.      On information and belief, Defendant UIS is essentially a recycling company that specializes in various materials including plastics.

11.      On information and belief, Defendant Wood is primarily engaged in wholesale sales of various equipment, industrial supplies and other products.

12.      On information and belief, Defendant Wingfield is in the business of DVD rentals and sales and has substantial, continuous and systematic contacts with the state of Tennessee.

13.      In June of 2006, Plaintiff entered into a contract with Sonopress LLC, the predecessor in interest to Defendant Arvato (the "Arvato Agreement") for the purpose of replication/product supply, and by subsequent amendment, distribution and inventory management.  A copy of the Arvato Agreement and subsequent amendments thereto is attached hereto as Collective Exhibit A.

- 4 -

14.     During the term of and pursuant to this contract, Plaintiff and Arvato implemented an inventory destruction template (the "Destruction Guidelines") which laid out in precise detail how Arvato would go about inventory destruction if and when the time came that Plaintiff required such a procedure to take place.  A copy of the Destruction Guidelines is attached hereto as Exhibit B.

15.     On or about October 31, 2008, pursuant to the terms of the Arvato Agreement and the Destruction Guidelines, Plaintiff notified Arvato that approximately five hundred thousand (500,000) units of Image DVD inventory needed to be destroyed based on the terms of various contracts Plaintiff had regarding certain titles.

16.     Arvato supposedly followed these procedures and destroyed all of the units of DVD inventory that Plaintiff requested be destroyed.

17.     On or about November 6, 2008, Plaintiff received from Arvato written confirmation, in the form of certificates of destruction ("COD's"), indicating that the 500,000 units of DVD inventory (the "Image Units") were destroyed by Arvato.

## DEFENDANTS' UNLAWFUL CONDUCT

18.     Unbeknownst to Plaintiff, and in complete breach of the terms of the Arvato Agreement and the Destruction Guidelines, Arvato in fact did not destroy the Image Units as originally indicated in the certificates of destruction provided to Plaintiff.

19.     Arvato shipped the Image Units to UIS Polymers, supposedly with the intent that UIS would do the destruction of the inventory instead.  It is presently unknown whether this transfer took place before or after November 6, 2008 and to the extent the sale occurred after November 6, 2008, Image expressly reserves the right to amend this complaint to assert claims for intentional torts against Arvato.

20.     Subsequently, on or about January 14, 2009, instead of destroying the Image Units, UIS sold the Image Units to Wood Sales Company, which transaction occurred in Tennessee.

21.     Wood Sales Company in turn sold the Image Units to Wingfield & Nail.  Wingfield & Nail then began selling the Image Units via the digital marketplace for a profit.

22.     Plaintiff was completely unaware of these sales until it was sued by the copyright holder in one of the titles that was supposed to be destroyed and found out through deposition testimony in December of 2011 that these 500,000 units were obviously never destroyed.

### FIRST CLAIM FOR RELIEF
**(For Copyright Infringement)**
**(Against All Defendants)**

23.     Plaintiff repeats, realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 22 if set forth fully herein.

24.     Plaintiff had the exclusive rights and was the sole distributor with regards to various titles that Plaintiff obtained through various distribution and acquisition agreements.

25.     Defendants have copied, reproduced, distributed, adapted, and/or publicly displayed the copyrighted works without the consent or authority of Plaintiff, thereby directly infringing Plaintiff's exclusive rights.

26.     Defendants' conduct constitutes infringement of Plaintiff's copyrights and exclusive rights under copyright in violation of 17 U.S.C. §§ 106 and 501 *et seq*.

27.     The infringement of Plaintiff's exclusive rights in and to each unit of Plaintiff's titles constitutes a separate and distinct act of infringement.

28.     The acts of infringement by Defendants have been willful, intentional, and purposeful, in reckless disregard of and with indifference to the exclusive rights of Plaintiff.

- 6 -

29.     As a direct and proximate result of this unlawful conduct, Defendants are liable to Plaintiff for copyright infringement.  Plaintiff has suffered, and will continue to suffer, substantial losses, including, but not limited to, damage to its business reputation and goodwill as evidenced from a lawsuit which arose due to Defendants' breaches.  Plaintiff is entitled to recover damages, which include its losses and all profits Defendants have made as a result of their wrongful conduct, pursuant to 17 U.S.C. § 504(b).

30.     Alternative to actual damages plus Defendants' profits, Plaintiff is entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for each infringed unit, or other such amounts as may be proper pursuant to 17 U.S.C. § 504(c).

31.     Defendants have caused and, unless enjoined and restrained by this court, will continue to cause irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to injunctive relief prohibiting further infringements of Plaintiff's copyrights.

32.     Plaintiff is also entitled to recover its attorneys' fees and costs of suit, pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
### (Contributory Copyright Infringement)
### (Against All Defendants)

33.     Plaintiff repeats, realleges and incorporates by reference the allegations in Paragraphs 1 through 32 as if set forth fully herein.

34.     To the extent not done directly, each Defendant has engaged in the business of knowingly inducing, causing, and/or materially contributing to the unauthorized reproduction, adaption, public display, and/or distribution of copies of Plaintiff's exclusive rights to the copyrighted works by one or more of the others, and thus to the direct infringement of Plaintiff's distribution rights to various film titles.

35.     To the extent not done directly, each Defendant's conduct constitutes contributory infringement of Plaintiffs copyrights and exclusive rights under copyright in the copyrighted works in violation of 17 U.S.C. §§ 106 and 501.

36.     The infringement of Plaintiff's rights in and to each of the various film titles constitutes a separate and distinct infringement.

37.     The acts of infringement by each Defendant have been willful, intentional, and purposeful, in reckless disregard of and with indifference to the rights of Plaintiff, and may constitute violations of 18 U.S.C. § 2319.

38.     As a direct and proximate result of the infringements by Defendants of Plaintiff's exclusive rights under copyright in the copyrighted works, Plaintiff is entitled to actual damages and each Defendant's profits pursuant to 17 U.S.C. § 504(b).

39.     Alternatively, Plaintiff is entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for each infringed unit, or other such amounts as may be proper pursuant to 17 U.S.C. § 504(c).

40.     Plaintiff is further entitled to its attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## THIRD CLAIM FOR RELIEF
### (Breach of Contract)
### (Against Arvato)

41.     Plaintiff repeats, realleges and incorporates by reference the allegations in Paragraphs 1 through 40 as if set forth fully herein.

42.     On information and belief, Arvato breached the Arvato Agreement in at least the following particulars:

        a.     Failing to destroy the Image Units as required under the Arvato destruction policy procedures.

        b.     Falsely indicating that the Image Units had been destroyed by providing false COD's to Plaintiff.

43.     Arvato failed to cure its breaches, despite written notice and an opportunity to cure.

44.     As a direct and proximate result of Arvato's breaches of the Arvato Agreement, Plaintiff has been damaged in an amount in excess of $75,000, or such amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF
### (Fraudulent Misrepresentation)
### (Against UIS)

45.     Plaintiff repeats, realleges and incorporates by reference the allegations in Paragraphs 1 through 44 as if set forth fully herein.

46.     Plaintiff and Arvato agreed that Arvato would physically destroy the Image Units and this was a material aspect of the Arvato Agreement.

47.     Arvato subsequently provided Plaintiff with COD's specifically indicating that Arvato had destroyed the Image Units.

48.     On information and belief, UIS represented to Arvato the Image Units were destroyed, and Arvato was Plaintiff's agent for this purpose.

49.     UIS's representation that the Image Units had been destroyed was false when made and was made knowingly, recklessly or without belief in its truth.

50.     Plaintiff reasonably relied on these assurances and informed its licensors that its inventory with respect to certain titles had been destroyed per the licensors' request or due to the terms of certain distribution agreements.

51.     Unbeknownst to Plaintiff, Arvato had breached its agreement with Plaintiff by never destroying the Image Units, but in turn shipping the Image Units to UIS presumptively for the purpose of having UIS destroy the Image Units.

52.     UIS in turn sold the Image Units to Wood Sales Company who in turn sold the Image Units to Wingfield & Nail who in turn began selling the Image Units via digital distribution channels without Plaintiff's or the licensors consent.

53.     Image has been damaged by UIS's fraudulent misrepresentations by, for example, having a lawsuit commenced upon it due to inventory being sold on the internet without the copyright holder's permission after being informed such inventory was destroyed by Plaintiff.

54.     As a direct and proximate result of UIS's fraudulent misrepresentations, Plaintiff has been damaged in an amount in excess of $75,000.00, or such amount to be proven at trial.

55.     UIS's conduct was intentional and fraudulent and as such punitive damages are warranted.

## FIFTH CLAIM FOR RELIEF
### (Negligent Misrepresentation)
### (Against Arvato)

56.     Plaintiff repeats, realleges and incorporates by reference the allegations in Paragraphs 1 through 55 as if set forth fully herein.

57.     Arvato failed to exercise reasonable care or competence in communicating to Plaintiff the fact that the Image Units had been destroyed.

58.     Plaintiff reasonably relied on these assurances to its detriment.

59.     Image has been damaged by Arvato's negligent misrepresentations by, for example, having a lawsuit commenced upon it due to inventory being sold on the internet without the copyright holder's permission after being informed such inventory was destroyed by Plaintiff.

60.     As a direct and proximate result of Arvato's fraudulent misrepresentations, Plaintiff has been damaged in an amount in excess of $75,000.00, or such amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF
### (Conversion)
### (Against UIS, Wood and Wingfield)

61.     Plaintiff repeats, realleges and incorporates by reference the allegations in Paragraphs 1 through 60 as if set forth fully herein.

62.     Defendant UIS appropriated Plaintiff's property to its own use and benefit by the intentional exercise of dominion over the Image Units in defiance of Plaintiff's rights.

63.     Defendant Wood appropriated Plaintiff's property to its own use and benefit by the intentional exercise of dominion over the Image Units in defiance of Plaintiff's rights.

64.     Defendant Wingfield appropriated Plaintiff's property to its own use and benefit by the intentional exercise of dominion over the Image Units in defiance of Plaintiff's rights.

65.     Defendant UIS's conduct was intentional and fraudulent and as such punitive damages are warranted.

66.     Defendants Wood and Wingfield were reckless in failing to discover that UIS had converted the Image Units and as such punitive damages are warranted.

### SEVENTH CLAIM FOR RELIEF
**(Violation of Tennessee Consumer Protection Act)**
**(Against Arvato and UIS)**

67.     Plaintiff restates and incorporates the allegations contained in the above paragraphs 1-66 as if set forth fully herein.

68.     Plaintiff is a consumer as defined by the Tennessee Consumer Protection Act, T.C.A. § 47-18-103(2).

69.     Defendant Arvato is a person as defined by the Tennessee Consumer Protection Act, T.C.A. § 47-18103(9).

70.     Defendant UIS is a person as defined by the Tennessee Consumer Protection Act, T.C.A. § 47-18103(9).

71.     Pursuant to the Tennessee Consumer Protection Act, Plaintiff is entitled to bring a private action for Defendants' violation of the Tennessee Consumer Protection Act because, among other things, it has suffered an ascertainable loss of money, property and things of value.

72.     Image was exposed to the above described conduct of the Defendants and their agents.  These representations and omissions constitute an unfair and deceptive practice which effects trade or commerce within Tennessee in violation of the Tennessee Consumer Protection Act,

T.C.A. § 47-18-104(b).

73.     Defendants, as part of their regular and intended practice, knew or should have known that their customers were unaware of the facts alleged above.  The Defendants intentionally or negligently failed to advise Image of these facts.

74.     With respect to Arvato, it misrepresented the fact that it would physically destroy the Image Units when it presented the Destruction Guidelines to Image, when it issued the COD's to Image or both.  With respect to UIS, it misrepresented to Arvato, who was acting as the representative and/or agent of Image for this purpose, that it would or did destroy the Image Units.

75.     As a result of the above described unfair or deceptive acts or practices, all of which affect the conduct of trade and commerce in Tennessee, the Defendants have violated the following provisions of the Tennessee Consumer Protection Act, T.C.A. § 47-18-104(b):

> (27)     Engaging in other acts or practices which are deceptive to the consumer or to any other person.

76.     As a result of the Defendants' violations of the Tennessee Consumer Protection Act, Plaintiff has thereby suffered ascertainable losses in an amount to be proven at trial but in no event for an amount less than $75,000.00.

77.     As a result of the Defendants' violations of the Tennessee Consumer Protection Act, the Defendants are liable to Image for all actual damages, including but not limited to, pre- and post-judgment interest, costs of suit, including expert's fees, and such other costs which the Court determines.

78.     Plaintiff further requests its reasonable attorneys' fees and costs, pursuant to T.C.A. § 47-18-109(e)(1).

79.     In addition, to the extent Defendants' violations were intentional, the actual damages

to Image should be trebled pursuant to the Tennessee Consumer Protection Act, T.C.A. § 47-18-109(a)(3), or alternatively under Tennessee common law, the Defendants should be assessed punitive damages.

80.    The aforesaid acts of the Defendants, whether directly or through their agents, servants or employees, constitute deceptive trade practices in violation of the Tennessee Consumer Protection Act, T.C.A. § 47-18-104.

81.    As a direct and proximate result of the Defendants' violations of the Tennessee Consumer Protection Act as set forth hereinabove, Plaintiff has sustained monetary damages and other damages relating to the Defendants' actions.

**EIGHTH CLAIM FOR RELIEF**
**(Ordinary Negligence)**
**(Against Arvato)**

82.    Plaintiff restates and incorporates the allegations contained in the above paragraphs 1-81 as if set forth fully herein.

83.    Arvato owed Plaintiff a duty of due care and to act with reasonable prudence in carrying out its business operations, said duty arising from the Arvato Agreement, a voluntary undertaking by Arvato and/or common law.

84.    The acts and omissions set forth hereinabove, including without limitation Arvato's delegation of the destruction process to an entity that Arvato knew or should have known would misappropriate or otherwise exploit the Image Units, and Arvato's failure to confirm whether the Image Units were in fact destroyed, constitute a breach of the duty owed to Image.

85.    Arvato's acts and omissions were the actual and proximate cause of damages to Image in an amount not less than $75,000.00.

86.     Arvato's conduct was reckless, amounted to gross negligence and was so egregious that punitive damages are a warranted.

## PRAYER

**WHEREFORE**, Plaintiff Image Entertainment, Inc. prays for judgment as follows:

1.      On the First and Second Claims for Relief for Copyright Infringement against Defendants:

> That Defendants, and each of them, be required to pay plaintiff such damages as plaintiff has sustained in consequence of Defendants' infringements of Plaintiff's exclusive rights to the copyrighted material, including but not limited to the injury to the value of Plaintiff's property, and all other damages sustained by Plaintiff, and to account for an pay to Plaintiff all gains, direct and indirect profits and advantages derived by Defendants by reason of their infringements, or, at Plaintiff's election, statutory *in lieu* damages against Defendants, jointly and severally, of at least $150,000 or such greater amount as may be permitted by law, all according to proof;

2.      On the Third Claim for Relief for Breach of Contract against Arvato, compensatory damages according to proof;

3.      On the Fourth Claim for Relief for Fraudulent Misrepresentation against UIS, compensatory and punitive damages according to proof;

4.      On the Fifth Claim for Relief for Negligent Misrepresentation against Arvato, compensatory damages according to proof;

5.      On the Sixth Claim for Relief for Conversion against UIS, Wood and Wingfield, compensatory and punitive damages according to proof;

6.      On the Seventh Claim for Relief for Violation of the Tennessee Consumer Protection Act, compensatory and statutory damages, including treble damages and attorneys fees based on the proof at trial;

7.      On the Eighth Claim for Relief for Ordinary Negligence, compensatory and punitive damages according to proof;

8.      For pre-judgment and post-judgment interest on all sums awarded;

9.      For Plaintiff's cost of suit and its attorney's fees;

10.     Injunctive relief as appropriate under the law;

11.     Impounding of any Image Units still in possession of the Defendants, or any of them, and reasonable disposition of same upon entry of judgment pursuant to 17 U.S.C. 503 (a) and (b); and

12.     For such other and further relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED,**

*COUNSEL FOR DEFENDANTS*


BY:  /s/Todd B. Murrah
TODD B. MURRAH (D#15235)
LEWIS W. LYONS (D#24577)
**GLASSMAN, EDWARDS, WYATT,**
    **TUTTLE & COX, P.C.**
26 North Second Street
Memphis, Tennessee  38103
(P:  527-4673)
(F:  521-0940)
(OUR FILE:  #12-574M)